UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GERALD MORRIS,

        Plaintiff,

-against-

JETBLUE AIRWAYS CORPORATION,

        Defendant.
---------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 03 2015 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

15-cv-1664 (ENV) (RLM)

VITALIANO, D.J.

Plaintiff Gerald Morris filed this action against JetBlue Airways Corp. ("JetBlue") on March 27, 2015, alleging that it violated state and federal law by discriminating against him on account of his disability. On October 6, 2015, JetBlue, in the midst of briefing its motion to dismiss, filed a motion to seal seven exhibits attached to the plaintiff's opposition papers.[1] ECF Dkt. 14. On October 20, 2015, Magistrate Judge Roanne L. Mann, who is supervising discovery in this case, issued an order denying defendant's sealing motion as to all seven exhibits. Defendant files this appeal.[2]

---

[1] Defendant also sought, and on October 22, 2015, the Court granted, a stay delaying the filing of the fully briefed and served motion to dismiss until the motion to seal had been resolved.

[2] Defendant has filed objections to Judge Mann's order, but it is properly understood as an appeal. The appeal of an order of a magistrate judge is governed by the Federal Magistrates Act, 28 U.S.C. §§ 631 et seq. and Rule 72 of the Federal Rules of Civil Procedure. A magistrate judge can make findings as to nondispositive pretrial matters and to issue an order that is binding in and of itself. *See, e.g.*, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Because matters concerning discovery are generally considered nondispositive of the litigation, resolution of a discovery dispute by a magistrate judge in the form of an order is appropriate, and the Court considers objections to such orders as an appeal from that order. *See, e.g., Thomas E. Hoar, Inc.*, 900 F.2d at 525; *Sheppard v. Beerman*, No. 91-1349, 1999 WL 1011940, at *1 (E.D.N.Y. Sept. 23, 1999).

1

## Background

Familiarity with the facts of this case, as outlined in Magistrate Judge Mann's Order, is presumed. To the extent details are repeated here, it is for the purpose of clarity.

On June 15, 2015, JetBlue requested a pre-motion conference to file a motion to dismiss. The Court denied the motion on July 15, 2015, and directed the parties to submit a proposed briefing schedule. That schedule was adopted on July 27, 2015. On September 22, 2015, ECF Dkt. 13, after receiving plaintiff's opposition to the motion to dismiss, defendant moved by letter application to strike (i) 15 excess pages; and (ii) 15 exhibits that plaintiff attached to the Declaration of Chauncey D. Henry, which defendant deemed "outside the bounds of the Complaint." The Court denied this motion on September 25, 2015, but granted defendant additional pages for its reply.

On October 6, 2015, JetBlue filed a motion to seal seven of the contested exhibits, which it describes, with attendant reasons for sealing each, as follows:

(i)      Henry Declaration "Exhibit E," a copy of Defendant's Response to Plaintiff's [Equal Employment Opportunity Commission ("EEOC")] Charge which contains a multitude of confidential and personnel information regarding past and present employees of JetBlue who are third-parties to this action;

(ii)     Henry Declaration "Exhibit F," a copy of Plaintiff's Reply to JetBlue's Response to Plaintiff's EEOC Charge which contains confidential and personnel information regarding past and present employees of JetBlue who are third-parties to this action;

(iii)    "Exhibit J," a copy of JetBlue's handbook which contains confidential and proprietary business information;

(iv)    "Exhibit K" and "Exhibit N," Progressive Guidance Reports which contain confidential and proprietary business information, as well as personnel information regarding past and present employees of JetBlue who are third-parties to this action; and

(v)     "Exhibit L" and "Exhibit M," letters from JetBlue's third-party FMLA provider regarding Plaintiff's FMLA leave.

Motion to Seal at 2. Plaintiff did not respond to the motion to seal, and, on October 20, 2015, notwithstanding the absence of opposition, Judge Mann issued her order denying that motion in its entirety. Order, Dkt. 17, at 9-11.

## Standard of Review

Generally, "magistrate judges have broad discretion in resolving nondispositive matters... ." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (quoting *AMBAC Fin. Servs., L.L.C. v. Bay Area Toll Auth.*, No. 09-Civ.-7062, 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010). Nevertheless, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Hence, a party may object to a magistrate judge's pretrial order on a nondispositive matter within 14 days of the entry of the order. Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). In line with this deference, "the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently." *Graves v. Deutsche Bank Securities Inc.*, No. 07-Civ.-5471 (BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). Pointedly, this highly deferential standard of review imposes a "heavy burden" on the party challenging the order. *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991). The Supreme Court has emphasized that an order can only be found to be "clearly erroneous" when

"the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L. Ed. 746 (1948).

## Discussion

The common law presumes a right of public access to judicial documents. *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The Second Circuit "has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public. *Id.* First, the court determines whether the contested documents are "judicial documents, to which the public has a presumptive right of access"; second, the court evaluates the "weight of the presumption"; finally, the court balances the "competing considerations against it." *Id.*

In its objections to Judge Mann's Order, defendant merely repeats arguments made on its motions to strike and seal, and argues that (i) the exhibits at issue are not referenced in plaintiff's memorandum of law and have "nothing to do with Plaintiff's Opposition whatsoever," and, thus, are not judicial documents; and that, if they are judicial documents, the presumption of public access is "extremely low" and the countervailing factors of "protection of proprietary, confidential, and personal information" favor sealing. Def. Objs. 5.

Stand patism will not carry the day. Having conducted a thorough review of Magistrate Judge Mann's order denying JetBlue's motion to seal, the Court finds no basis upon which to conclude that Judge Mann's findings are "clearly erroneous" or "contrary to law." On the contrary, Judge Mann's well-reasoned and comprehensive order properly considered, and rejected, each of these claims.

4

In an ill-advised attempt to move for reconsideration of the motion to strike, defendant argued that as a threshold matter, the Court could not consider the exhibits at all in ruling on a motion to dismiss. Defs. Objs. 5-7. Judge Mann rightly pointed out that this is incorrect. A district court may consider evidence outside the pleadings when evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(1), and extrinsic documents are permissible in a Rule 12(b)(6) motion when integral to the complaint or when converted into a motion for summary judgment. Order, Dkt. 17, 9-11. Consequently, the challenged documents may be deemed judicial documents with a strong presumption of public access. *Id.* at 11.

As to the alleged countervailing interests defendant asserts against public access, Judge Mann found that none of the exhibits contained confidential or proprietary information sufficient to warrant sealing. *Id.* at 12. Exhibits E and F "recount the same series of events that form the basis of this litigation" and are both "heavily redacted." *Id.* Exhibit J, an excerpt from JetBlue's employee handbook, "merely recapitulates the requirements of the FMLA." *Id.* at 13. Exhibits L and M are letters to Morris from JetBlue's third-party FMLA provider approving and rejecting parts of his application for FMLA leave. There is, in short, nothing remotely proprietary or confidential, except perhaps personal information relating to Morris and no one else. *Id.* Exhibit K, consisting of redacted "Progressive Guidance Reports," contain supervisory assessments of plaintiff's job performance, and, again, no proprietary information about JetBlue or other JetBlue employees. *Id.* at 14. Finally, Exhibit N is an email from Morris to two JetBlue employees already referenced extensively in the complaint. Judge Mann found that this email "discloses no proprietary information of defendant's, and mentions other JetBlue employees only incidentally." *Id.*

In all, Judge Mann determined that the seven exhibits at issue "do not implicate 'countervailing factors' sufficient to rebut even a weak presumption of access to judicial documents." *Id.* The Court agrees. Each of the magistrate judge's findings is supported by the evidence. In any event, the Court certainly has no conviction that Judge Mann in any way misapplied the relevant law or has fallen victim to clear error.

## Conclusion

Finding that the order of Magistrate Judge Roanne L. Mann denying defendant's motion to seal is neither clearly erroneous nor contrary to the law, that order is affirmed and the appeal is dismissed.

Defendant is directed to file its fully briefed motion to dismiss on ECF within five days of the docketing of this Order, unless it no longer wishes to proceed with its motion.

So Ordered.

Dated: Brooklyn, New York
November 22, 2015

/S/ USDJ VITALIANO

Eric N. Vitaliano
United States District Judge